```
VENABLE LLP
Douglas C. Emhoff (SBN 151049)
demhoff@venable.com
Jennifer Levin (SBN 252420)
jlevin@venable.com
Witt W. Chang (SBN 281721)
wchang@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901

Attorneys for Movant,
GOURMET EXPRESS, LLC
```

**FILED**

AUG 1 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

CV 13 80 172 MISC



| | |
|---|---|
| IN RE PROPERTY SEIZED FROM 1015 EAST CLIFF DRIVE, SANTA CRUZ, CA 95062 ON MAY 14, 2008. | CASE NO. **NOTICE OF MOTION AND MOTION FOR REPRODUCTION OF SEIZED PROPERTY** [Filed concurrently with Declaration of Witt W. Chang; [Proposed] Order] Date: Time: Courtroom: |
| GOURMET EXPRESS, LLC, Movant, v. UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE, an agency thereof; and TWENTY UNKNOWN AGENTS, Respondents. | |

MOTION FOR REPRODUCTION OF SEIZED PROPERTY

TO THE U.S. ATTORNEYS OF THE NORTHERN DISTRICT OF CALIFORNIA AND THE AGENTS OF THE INTERNAL REVENUE SERVICE:

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Criminal Procedure 41(g), Gourmet Express, LLC ("Gourmet Express" or "Movant") hereby moves this Court to issue an Order directing Respondents, the Internal Revenue Service, and unnamed agents thereof (who will be named as their identities become known), to reproduce all property owned by Movant seized from the premises of 1015 East Cliff Drive, Santa Cruz, CA 95062 on May 14, 2008 and any materials introduced by the government to obtain its search warrant of said premises. Specifically, this property includes records relating to Movant's federal income tax returns, records relating to Movant's relationship with product suppliers and their representatives, and other records pertaining to Movant's business.

This Motion is made on the grounds that Movant has a possessory interest in such property and is aggrieved by the deprivation of such property.

This Motion is supported by the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Witt W. Chang, and upon such matters as may be presented to the Court at the hearing of this Motion.

DATED: August 16, 2013                           VENABLE LLP


                                                 By: /s/ Jennifer Levin
                                                     Douglas C. Emhoff
                                                     Jennifer Levin
                                                     Witt W. Chang
                                                     Attorneys for Movant
                                                     Gourmet Express, LLC

1

MOTION FOR REPRODUCTION OF SEIZED PROPERTY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 13, 2008, U.S. Magistrate Patricia V. Trumbill of the U.S. District Court for the Northern District of California issued a warrant authorizing the Internal Revenue Service ("IRS") to search the residence of Gourmet Express' former Chief Executive Officer, Robert Scully, located at 1015 East Cliff Drive, Santa Cruz, CA 95062. See Declaration of Witt W. Chang ("Chang Decl.") at ¶2, Exhibit A.

Pursuant to this warrant, certain property in which Gourmet Express has an ownership interest was seized. By definition, the property includes records relating to Movant's federal income tax returns, records relating to Movant's relationship with product suppliers and their representatives, and other records pertaining to Movant's business.

Gourmet Express has been and continues to be aggrieved by the deprivation of its property that was seized by the IRS because the property is critical to the successful preparation and presentation of Gourmet Express' claims and defenses now pending in the matter of Groupwell International (HK) Ltd v. Gourmet Express, LLC, U.S. District Court for the Western District of Kentucky, Case No. 4:09-cv-94 M.

Accordingly, by this Motion, Gourmet Express seeks the reproduction of the seized property.[1] For the same reasons, Gourmet Express also seeks the reproduction of the search warrant materials that gave the Court probable cause to issue the search warrant, as these materials would also be highly relevant to Gourmet Express' claims and defenses in the Kentucky lawsuit.

---

[1] Gourmet Express seeks only the reproduction of the seized property and does not seek to deprive the government of any interest it may have in the property.

## II. FACTUAL BACKGROUND

### A. Gourmet Express, Robert Scully, and Kevin Scully

Gourmet Express manufactures frozen skillet meals and distributes them to various food retail and warehouse establishments across the United States. Robert Scully served as Gourmet Express' Chief Executive Officer from January 2008 until July 31, 2009. His nephew, Kevin Scully, served as Gourmet Express' Vice President of Operations during the same time period. During their employment, the Scullys were the top two corporate officers of Gourmet Express.

On July 7, 2010, the Scullys were indicted for tax fraud and perjury by a federal ground jury in the U.S. District Court for the Western District of Texas, San Antonio Division. On November 17, 2010, the United States filed a Superseding Indictment, amending the indictment to add a charge for wire fraud. *See* Chang Decl. at ¶3, Exhibit B. Robert Scully is scheduled to stand trial for his criminal charges on November 18, 2013.[2] All charges in the Superseding Indictment relate to the Scullys' scheme to defraud Gourmet Express, described below.

### B. Facts Set Forth in the Underlying Criminal Action

The following facts are set forth in detail in the Superseding Indictment.

Siam Star Seafood, Groupwell International (HK) Limited, N&D International Business Consultants, and N&DD International (Thailand) Co. Limited are shell companies located in Thailand and improperly influenced and controlled by the Scullys and by Robert Scully's sister-in-law, Nataporn Phaengbutdee.

These shell companies were formed and made to appear as if they were suppliers of shrimp to Gourmet Express, for whom the Scullys also served as high

---

[2] On June 23, 2013, Kevin Scully committed suicide. Gourmet Express believes that the United States will soon file a motion to dismiss the criminal charges against him.

3

MOTION FOR REPRODUCTION OF SEIZED PROPERTY

1  ranking executives. The Scullys hid their improper influence and control over
2  these shell companies from Gourmet Express, its accountant, Ilex, and its
3  principals and employees, as well as the IRS.

4  Using the shell companies as intermediaries between Gourmet Express and
5  the actual suppliers of shrimp to Gourmet Express, the Scullys inflated the price of
6  shrimp paid by Gourmet Express from 10 cents a pound to 95 cents a pound. The
7  Scullys caused Gourmet Express to pay this inflated price for its shrimp by wiring
8  money from various Gourmet Express bank accounts to the bank accounts of the
9  shell companies.

10  The Scullys caused Phaenbbutdee to deposit the difference between the
11  inflated, artificial price of the shrimp and the actual price into several bank
12  accounts of Mika Kon, Kevin Scully's mother-in-law. The Scullys then transferred
13  this money to a California bank account held by Robert Scully's wife, Nuchanat
14  Scully and to the bank accounts of Kevin Scully's wife, Terumi Scully.

15  The Scullys then used the sums laundered through these bank accounts
16  under their control for their own personal use and enjoyment. The aforementioned
17  scheme to defraud Gourmet Express continued until August 3, 2009.

18  **C.   The Warrants Issued in Connection With the Criminal Action**

19  As part of the criminal action against the Scullys, the IRS obtained three
20  search warrants to discover a secret set of books and records that detailed the
21  inflated payments the Scullys caused Gourmet Express to pay for their imported
22  food products.

23  On May 13, 2008, U.S. Magistrate Patricia V. Trumbill of the U.S. District
24  Court for the Northern District of California issued a warrant authorizing the IRS

to search the residence of Robert Scully, located at 1015 East Cliff Drive, Santa Cruz, CA 95062.[3] *See* Chang Decl. at ¶2, Exhibit A.

On the morning of May 14, 2008, the seizures authorized by the warrant occurred and certain property in which Gourmet Express has an ownership interest was seized from Robert Scully's home by the IRS. By definition in the search warrant, the property includes records relating to Movant's federal income tax returns, records relating to Movant's relationship with product suppliers and their representatives, and other records pertaining to Movant's business.[4] The seized property is presently stored at the offices of the IRS, located at 100 NE Loop 410, Ste. 400, San Antonio, Texas 78216.[5]

### D. The Kentucky Civil Suit

On September 25, 2009, one of the shell companies identified in the Superseding Indictment, Groupwell International (HK) Limited ("Groupwell"), a Hong Kong limited partnership, filed suit against Gourmet Express in the U.S. District Court for the Western District of Kentucky (Case No. 4:09-cv-94 M) to collect on money Gourmet Express allegedly owed to Groupwell for food products supplied to Gourmet Express. Gourmet Express counterclaimed to recover the

---

[3] On the same day, two other search warrants were issued by the Honorable Joe Billy McDade of the U.S. District Court for the Central District of Illinois, authorizing searches of a Gourmet Express facility in McLean County, Illinois and of Kevin Scully's residence in Bureau County, Illinois. Gourmet Express has prepared a similar motion for the reproduction of property seized pursuant to these warrants to be heard by the United States District Court for the Central District of Illinois.

[4] These three categories of information encompass the entire scope of the government's application for a search warrant, and thus, if the search was lawful, the property seized necessarily falls within these categories.

[5] Gourmet Express previously moved the U.S. District Court for the Western District of Texas, San Antonio Division, for an order authorizing the reproduction of the materials seized from the Scullys' residences and the Gourmet Express facility in Illinois. This motion was denied for lack of jurisdiction, without a ruling on the merits, and Gourmet Express was directed to seek relief in the districts in which the property was seized. In connection with the Texas motion, counsel for Gourmet Express attempted to informally meet and confer with the government regarding the property sought, but such attempts were unsuccessful.

money improperly paid to Groupwell through the Scullys' fraudulent conduct.[6] Copies of the operative complaint and counter-complaint are attached hereto as Exhibits C and D of the concurrently filed Chang Declaration.

The facts that formed the basis of Gourmet Express' claims and defenses were revealed to Gourmet Express during the course of the criminal action against the Scullys, which is based upon documents and other data seized by IRS agents from the residences of Robert Scully and Kevin Scully.

Thus, the Kentucky civil action revolves around the same fraudulent activities that were the basis of the criminal case against the Scullys.

### III. GOURMET EXPRESS IS AGGRIEVED BY THE DEPRIVATION OF ITS PROPERTY AND IS ENTITLED TO A REPRODUCTION OF THE SEIZED PROPERTY

To assist in asserting its claims and defenses in the Kentucky civil action, Gourmet Express seeks the reproduction of the property seized by the IRS from Robert Scully's home, located in this District.

#### A. Jurisdiction

Pursuant to Federal Rule of Civil Procedure 41(g), a district court has jurisdiction to entertain motions to return property seized by the government. See Fed. R. Civ. P. 41(g); U.S. v. Martinson, 809 F.2d 1364, 1366 (9th Cir. 1987); Hunsucker v. Phinney, 497 F.2d 29, 34 (5th Cir. 1974) ("The documents which are the immediate subject of the present dispute are apparently in the hands of agents of the Internal Revenue Service … [M]ore recent cases suggest that the court's supervisory power is adequate to reach IRS agents as well as those who are traditionally regarded as officers of the court."). The motion must be brought in the district where the property was seized. Id.

---

[6] Fact discovery in this action closes on October 1, 2013.

6
MOTION FOR REPRODUCTION OF SEIZED PROPERTY

### B. Legal Standard

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Civ. P. 41(g) (formerly Rule 41(e)). Rule 41(g) motions are civil in nature even though styled as being pursuant to the Federal Rules of Criminal Procedure. Goodman v. U.S., 369 F.2d 166, 168 (9th Cir. 1996). Thus, the applicable evidentiary standard is preponderance of the evidence. U.S. v. Jones, No.Crim A. 98-207, 2004 Wl 2784974 at *2 (E.D.La. Nov. 30, 2004); U.S. v. Kelly, 872 F.Supp. 556, 559 (N.D. Ind. 1994); U.S. v. United States Currency Amounting to the Sum of $20,294.00 More or Less, 495 F.Supp. 147, 150 (E.D.N.Y. 1980).

### C. Gourmet Express Has Standing Because It Has A Possessory Interest in the Seized Property

"One has the requisite standing as a person aggrieved if he claims ownership of the seized property, although the premises searched belonged to another." U.S. v. Lester, 21 F.R.D. 376, 381 (W.D. Pa. 1957) (citing U.S. v. Jeffers, 342 U.S. 48 (1951) and Pielow v. U.S., 8 F.2d 392 (9th Cir. 1925)). "Persons moving under Rule 41(g) must show a possessory interest in the seized property and must also have 'clean hands.'" U.S. v. Napier, 2010 WL 118382 at *2 (E.D. Cal. 2010).

Here, the property seized from Robert Scully's California residence on May 14, 2008 is property of Gourmet Express because the documents and other data pertain to Gourmet Express, were created to document transactions into which the Scullys caused Gourmet Express to enter, and were generated by the Scullys when they were officers of Gourmet Express. Gourmet Express has clean hands, as it was wholly blindsided by the Scullys' fraudulent conduct and was the victim of the Scullys' fraud.

Thus, although the property was seized from Robert Scully's residence, Gourmet Express still maintains a possessory interest in that property and is therefore lawfully entitled to a return of such property. See Wilson v. U.S., 221

U.S. 361, 385 (1911); In re Grand Jury Subpoenas, 772 F.Supp.326, 330 (N.D. Tex. 1991) (absent evidence that ownership or possession of the seized property was lawfully transferred to the individual, the contention that an employee owned such records as a private citizen apart from the corporation "border[ed] on the frivolous" because "the witness has no right to appropriate to himself corporate documents, whether originals or copies.").

### D. Gourmet Express is Aggrieved by the Deprivation of Its Property

The seized evidence requested herein is absolutely critical to Gourmet Express' preparation and presentation of its claims and defenses in the Kentucky civil action initiated by Groupwell. The evidence is not known to exist elsewhere and is directly relevant not only to Gourmet Express' business but also to the Scullys' scheme to defraud Gourmet Express, which is the central issue in the Kentucky civil action.

According to the search warrant and the indictment, the seized property includes, but is not limited to bank statements, wire transactions, fraudulent invoices, inflated payments by Gourmet Express to shell companies such as Groupwell, documents evidencing the relationship between the Scullys and the shell companies, and documents evidencing the transfer of money from Gourmet Express to the shell companies and then to the bank accounts of Scullys' relatives. Thus, the seized evidence directly exhibits the relationship among the Scullys, Groupwell, and Gourmet Express and evidences many of the transactions, contacts and communications among these parties. Without such evidence, Gourmet Express will be deprived of the evidence and records necessary to adequately present its case in the Kentucky civil action.

Finally, Gourmet Express is the victim of the Scullys' fraud, and it is inequitable to deny Gourmet Express access to the secret books and records maintained by its Chief Executive Officer regarding transactions into which he

caused Gourmet Express to enter to its material detriment and for his and his family's personal benefit.

Accordingly, Gourmet Express is entitled to a reproduction of the documents and other data seized from Robert Scully's residence.

### E. **Gourmet Express is Entitled to Production of Related Search Warrant Materials**

Gourmet Express further seeks the reproduction of the materials submitted by the IRS in connection with the search warrant as any materials that gave probable cause for the issuance of a search warrant would also be directly relevant to the claims and defenses now pending in the Kentucky civil action.

There is a common law presumption in favor of right of access to judicial records. Public access to documents filed in support of search warrants is also important to the public's understanding of the function and operation of the judicial process and the criminal justice system. The public has a right "to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Even disclosure to third parties is appropriate if disclosure 'is necessary to serve the ends of justice.'" U.S. v. Schlette, 842 F.2d 1574, 1579 (9th Cir. 1988) (citing Berry v. Department of Justice, 733 F.2d 1343, 1352 (9th Cir. 1984).

Here, disclosure of the documents filed in support of the search warrant for Robert Scully's residence is necessary to serve the ends of justice. If deprived of the materials, Gourmet Express will not be able to fully vindicate its rights against Groupwell, one of the shell companies the Scullys used to defraud Gourmet Express. Moreover, Gourmet Express is not even a third party, as it has a possessory interest in the documents a high-ranking executive created in connection with transactions he induced Gourmet Express to enter into.

Thus, Gourmet Express is also entitled to a reproduction of the materials submitted in connection with the search warrant issued for Robert Scully's residence.

## IV. RELIEF SOUGHT

Accordingly, Gourmet Express respectfully requests that the Court (1) grant its Motion to Reproduce Seized Property, (2) enter an order compelling the reproduction of the seized property and related search warrant materials within 10 days of the entry of such order, (3) set a hearing on this Motion at the earliest date convenient for the Court, and (4) grant such other and further relief that the Court may deem just and proper.

DATED:   August 16, 2013              VENABLE LLP


                                      By: /s/ Jennifer Levin
                                          Douglas C. Emhoff
                                          Jennifer Levin
                                          Witt W. Chang
                                          Attorneys for Movant
                                          Gourmet Express, LLC