UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PROPERTY SEIZED FROM 1015 EAST CLIFF DRIVE, SANTA CRUZ, CA 95062 ON MAY 14, 2008<br><br>GOURMET EXPRESS, LLC,<br><br>　　　　　Movant,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | Case No.  13-mc-80172-JST<br><br>**ORDER GRANTING MOTION TO RECONSIDER COURT'S ORDER GRANTING MOTION FOR REPRODUCTION OF SEIZED PROPERTY**<br><br>Re: ECF No. 18 |

　　　　On October 9, this Court granted Gourmet Express, LLC's ("Gourmet Express" or "Movant") motion, made pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for reproduction of property the United States seized in a May 2008 search of the home of Robert Scully.  ECF No. 17.  The United States has filed a motion for reconsideration "to raise the issue of Gourmet Express' standing to obtain documents in which they have no ownership interest."  ECF No. 18, at 2:11-12.

　　　　In Gourmet Express's opposition, it objects that the United States has not satisfied Civil Local Rule 7-9's requirements for seeking leave to file a motion for reconsideration, but does not dispute the United States' argument on the merits that Gourmet Express is not entitled to receive property in which it lacks an ownership interest.  ECF No. 20.  The Court already granted leave for the United States to file a motion for reconsideration, and considers the motion now to be before the Court.  ECF No. 19.

　　　　Gourmet Express's initial motion contained some ambiguity.  ECF No. 7.  It sought "all property owned by Movant" but also sought "*any* materials introduced by the government to obtain its search warrant."  Id. at 1:11-12 (emphasis added).  In the body of the motion, Gourmet

1 Express acknowledged that under Rule 41(g) it is only entitled to property in which it "claims
2 ownership" and to which it can show "possessory interest." 7:13-18.  It sought certain other
3 materials on the grounds that that material would be "relevant" to its claims and defenses in the
4 Kentucky Action, but it did not demonstrate that it necessarily had a possessory interest in all of
5 that that information.

6 In its order granting the motion, the Court ordered the United States to "reproduce the
7 property requested in the motion."  The Court did not intend to compel the reproduction of
8 information that Movant is not entitled to receive under Rule 41(g).  It seems clear that Gourmet
9 Express lacks a possessory interest in at least some of the material the United States produced in
10 seeking a search warrant, and it also seems clear that Gourmet Express lacks a possessory interest
11 in some of the materials the IRS has declined to produce.  See Exh. 1 to Declaration of Demetrius
12 Hardeman, ECF No. 18-1.

13 The Court therefore reconsiders its previous order, and ORDERS holds that the United
14 States produce all material requested in the order in which Gourmet Express lacks a possessory
15 interest.  If Gourmet Express believes that the United States has withheld material in which it does
16 have a possessory interest, it may move this Court to order production of that specific material.

17 **IT IS SO ORDERED.**

18 Dated:  November 21, 2013

_____
JON S. TIGAR
United States District Judge